**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| DUANE MCKINNEY, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. AW-06-0742 |
| UNITED STATES OF AMERCIA | * |
| Defendant | * |

**MEMORANDUM OPINION**

This action involves a complaint by Plaintiff Duane McKinney ("Plaintiff") against the United States of America ("the Government") for the return of seized property.  Currently pending before the Court is Defendant's Motion to Dismiss Complaint [6] and Defendant's Motion to Dismiss [9].  The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motions.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, the Court will DENY Defendant's Motion to Dismiss Complaint [6] and GRANT Defendant's Motion to Dismiss [9].

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 29, 2005, law enforcement agents working with the Federal Bureau of Investigation conducted a search of the premises at 266 Harry S. Truman Drive, Largo, Maryland, pursuant to a valid search warrant issued on July 28, 2005 by the Honorable Jillyn K. Schulze, United States Magistrate Judge for the District of Maryland.  The search warrant was obtained as part of an ongoing investigation into the activities of Plaintiff and an organization called The Brotherhood of Men.  During the search, several items were seized, including $21,940 of U.S. currency in the form of 1097 $20 bills.  Neither Plaintiff nor The Brotherhood of Men has been charged with any crime

relating to the items seized.

On March 22, 2006, Plaintiff filed a pleading with this Court styled as a "Complaint" requesting the return of property seized by the FBI. The Government filed a Motion to Dismiss Complaint on June 19, 2006. Then, on June 23, 2006, the Government, by way of the United States Attorney's Office for the District of Columbia, instituted a civil forfeiture action against $21,940 in currency in the United States District Court for the District of Columbia. *United States of America v. $21,940 in United States Currency*, No. 06-1146 (D.D.C. filed June 23, 2006). Three days later, the Government filed another Motion to Dismiss, which essentially duplicated the June 19, 2006 motion. All responses and replies have been filed. An Opinion will now issue.

## **ANALYSIS**

Federal district courts are courts of limited jurisdiction. Therefore, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). Therefore, the first question before the Court is whether this Court has jurisdiction over Plaintiff's action. Because the answer to that question is in the negative, the action must be dismissed.

The United States Court of Appeals for the Fourth Circuit addressed the issue in *Ibarra v. United States of America*, 120 F.3d 472 (4th Cir. 1997). In that case, items belonging to the plaintiff were seized, but the plaintiff was never charged with a crime in connection with her possession of the seized items. The government initiated forfeiture proceedings on the seized items, and then the plaintiff moved in the district court for the return of the items. The court held that "once the Government initiates forfeiture proceedings, the district court is divested of jurisdiction." *Ibarra*, 120 F.3d at 475-76.

In the instant case, the Government initiated forfeiture proceedings in the United States

District Court for the District of Columbia on June 23, 2006.  As a result, this Court no longer has jurisdiction over the currency that is now the subject of that proceeding.  Because the Government's initial Motion to Dismiss Complaint [6] was filed prior to the commencement of the forfeiture proceeding and is identical to the later motion, the Court will deny the initial motion.  However, the subsequent Motion to Dismiss [9] will be granted as this Court lacks subject matter jurisdiction.

## **CONCLUSION**

For the reasons stated above, the Court will deny Defendant's Motion to Dismiss Complaint [6] and grant Defendant's Motion to Dismiss [9].  An Order consistent with this opinion will follow.

|  |  |
|---|---|
| September 12, 2006 | /s/ |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |